### South Texas National Bank v. Texas and Louisiana Lumber Company et al.

#### Decided November 14, 1902.

1.—Garnishment—Transfer of Corporate Stock—Assent of Beneficiaries—Presumption.

Where a debtor who owned stock in a corporation assigned and delivered the certificates thereof to R. for the payment of debts due to R.'s wife and child, exceeding the amount of the stock, but the stock was not transferred on the books of the corporation until after a creditor of the assigner had served a writ of garnishment on it, the assent of the beneficiaries under the assignment, necessary to its validity, will be presumed, and the creditor, having the burden of. proof, was not entitled to a judgment against the garnishee without showing that the beneficiaries had not assented.

2.—Same—Husband and Wife—Minor.

R.'s assent to the assignment of the stock was binding upon his wife, the statute giving him the control of her property, and the minor child being unable to contract, the assent of his natural guardian, made in his interest, should be upheld.

Appeal from the District Court of Harris County. Tried below before Hon. Wm. H. Wilson.

*O. T. Holt* and *L. B. Moody,* for appellant.

*Coleman & Abbott,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant having a judgment against J. W. Webb and Percy Allen for the sum of $1769.62, sued out writs of garnishment thereon against the Texas and Louisiana Lumber Company and L. B. Menefee & Co., corporations, requiring each to answer what number of shares, if any, the said Percy Allen owned in said corporations. Each of the garnishees answered that Percy Allen was not the owner of any stock in said corporation at the time of making said answer, nor at the time the writ of garnishment was served upon it. The writs of garnishment were served on November 6, 1900, and the answers of the garnishees were filed on the 7th day of January, 1901. Both of these answers were controverted by the appellant, but on the 9th of January, 1902, the contest of the answer of L. B. Menefee & Co. was withdrawn. The trial was had on said date upon the issue raised by appellant's contest of the answer of the appellee, Texas and Louisiana Lumber Company, and resulted in a judgment in favor of the garnishee, from which judgment the plaintiff below prosecutes this appeal.

The facts disclosed by the record are as follows: On the 3d day of July, 1900, the defendant Percy Allen owned stock in said corporation of the face value of $2900, and of the actual value of $1450. On said date he indorsed and delivered the certificate for said stock to H. B. Rice for the purpose of paying debts due by him to his infant child and to the Dumble estate, of which estate the wife of H. B. Rice was executrix, and also an heir. These debts exceeded in amount the value of the stock. Rice sold the stock on the 6th day of June, 1901, and applied the proceeds to payment of said indebtedness pro tanto. Allen was not indebted to Rice, and the latter was not a purchaser of the stock and did not pay Allen anything for the indorsement and delivery of the stock to him. The stock was not transferred on the books of the appellee company until it was sold by Rice, and on that day the transfer was made on the books from Allen to the purchaser from Rice.

Appellant's only assignment of error assails the judgment of the court below as being contrary to the law and the evidence, in that the undisputed evidence shows that Percy Allen owned stock in appellee company at the time the writ of garnishment was served upon it, and that the transfer of said stock to Rice having been made for the purpose of paying indebtedness due by said Allen, such transfer was void as to plaintiff, because it does not appear from the evidence that the beneficiaries of said trust had assented to same prior to the service of the writ of garnishment.

It is settled law in this State that an assignment for the benefit of creditors, or a mortgage with power of sale given by a debtor to secure his creditors, does not become effective until assented to by the beneficiaries, and that property so assigned or mortgaged is subject to attachment or garnishment by any creditor of the debtor at any time prior to the creation of the contract of assignment or mortgage which can only have potential existence when assented to by those for whose

benefit it is executed. Alliance Milling Co. v. Eaton, 25 S. W. Rep., 618. In the case cited the opinion of the Supreme Court is based upon an affirmative finding by the district court and the Court of Civil Appeals that the beneficiaries had not given their assent to the mortgage at the time the writ of attachment was levied. In the case of Baldwin v. Peet, 22 Texas, 722, the court say: "The American decisions hold that the assent of creditors to a general assignment will be presumed so as to give it effect, although they may know nothing of it when it is made." This language is quoted by Judge Stayton in the Eaton case, supra, and declared not to be in conflict with the rule that the assent of creditors is necessary to the validity of an assignment for their benefit, and to mean nothing more than that the presumption of assent was a presumption of fact to be indulged in the absence of evidence to the contrary.

The record in this case does not affirmatively show that either Mrs. Rice or the minor child of Percy Allen, for whose benefit the stock was transferred to H. B. Rice, did not have knowledge of the transfer and had not assented thereto prior to issuance and service of the writ of garnishment.

The burden was upon appellant to show that Percy Allen owned stock in the appellee company which was subject to garnishment at the time the writ was levied, and this burden was not met by the evidence. The transfer of the stock to Rice was regular upon its face, and every presumption was in favor of its validity. If valid, it created a lien superior to that of appellant, and if facts existed which rendered it invalid, it devolved upon the appellant to establish such facts. The evidence failing to establish any facts tending to show the invalidity of the transfer, the court below properly adjudged the discharge of the garnishee. Ellison v. Tuttle, 26 Texas, 283; Railway v. Terry, 50 Texas, 283.

We are further of the opinion that the consent of H. B. Rice to the assignment was binding upon his wife. The statute vests him with the control and management of his wife's separate property, and any contract with reference thereto made by him and not shown to be in fraud of his wife's rights was binding upon her.

The other beneficiary in the assignment being a minor and therefore unable to make a valid contract, his assent was unnecessary, and the court should protect his interest by upholding a contract made in his behalf by his natural guardian and which clearly appears to be for his interest and benefit.

We think the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*