DENISON BANK & TRUST CO. v. PEOPLE'S GUARANTY STATE BANK OF TYLER et al. (No. 2164.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1919.)

1. GARNISHMENT ⬤164—EVIDENCE INSUFFICIENT TO SHOW THAT FUNDS BELONGED TO DEBTOR.

In a garnishment proceeding evidence *held* insufficient to support a finding that funds held by the garnishee belonged to the debtor against whom plaintiff had filed suit.

2. GARNISHMENT ⬤162 — PLAINTIFF HAS BURDEN OF PROVING DEBTOR'S OWNERSHIP OF FUNDS.

In garnishment proceedings the burden of proof that the funds in the hands of garnishee belonged to the debtor rests upon the plaintiff.

Appeal from Smith County Court; W. R. Castle, Judge.

Suit by the Moore Grocery Company against Henderson & Rhoades, a partnership commonly known as the Aubrey Milling Company, in which a writ of garnishment was issued against the People's Guaranty State Bank of Tyler, Tex., one of appellees, which answered that it held certain funds to the credit of Denison Bank & Trust Company. Trial before the court without a jury. Judgment for plaintiff against the garnishee, and the Denison Bank & Trust Company appeals. Reversed, and judgment rendered for garnishee.

J. A. Bulloch, of Tyler, and Jno. T. Suggs, of Denison, for appellant.

Price & Beaird and Johnson & Edwards, all of Tyler, for appellees.

HODGES, J.   This appeal is from a garnishment proceeding in the county court of Smith county. The controversy originated in a suit filed in the county court by the Moore Grocery Company against Henderson & Rhoades, a partnership commonly known as the Aubrey Milling Company. The suit was based upon a claim for damages growing out of a shipment of goods. On the same day the suit was filed the plaintiffs in that action secured a writ of garnishment against the People's Guaranty State Bank of Tyler, which prior to that time had collected from the Tyler Grocery Company and R. M. Jeter drafts drawn by the Aubrey Milling Company on the Tyler Grocery Company and Jeter. Those drafts were drawn in favor of the First Guaranty State Bank of Aubrey, Tex., and had been sent to the People's Guaranty State Bank of Tyler for collection by the Denison Bank & Trust Company. In answering the garnishment writ the People's Guaranty State Bank of Tyler denied that it was indebted to Henderson & Rhoades or the Aubrey Milling Company; alleged that it had not in its possession any effects belonging to them and did not know of any one indebted to Henderson & Rhoades. It further alleged that on or about the 5th day of September, 1918, the Denison Bank & Trust Company sent to the garnishees two drafts, one for $1,790 and another for $591.75, drawn by the Aubrey Milling Company on the Tyler Grocery Company and R. M. Jeter, respectively; that on the 13th day of September, 1918, those drafts were paid, and that it did not know to whom the proceeds belonged; that it held them to the credit of the Denison Bank & Trust Company, and

asked that the latter be made a party to the suit in order to determine the ownership of the funds.

The plaintiff in the suit, the Moore Grocery Company, contested the answer of the People's Guaranty State Bank and alleged that it had good reason to believe and did believe that the funds mentioned in the answer of the garnishee were in fact the property of Henderson & Rhoades, otherwise known as the Aubrey Milling Company, and were not the property of the Denison Bank & Trust Company. The Denison Bank & Trust Company in an amended answer alleged that the funds held by the garnishee were the proceeds of the two drafts above mentioned; that prior to the issuance and service of the writ of garnishment those drafts were for their full value sold and transferred to it, and that the Denison Bank & Trust Company was then the holder and owner of the funds on deposit in the People's Guaranty State Bank of Tyler; that on the date the drafts were drawn the Aubrey Milling Company presented them to the First Guaranty State Bank of Aubrey, Tex., and requested the bank to purchase them, which was done; that the First Guaranty State Bank of Aubrey then sold the drafts to the defendant Denison Bank & Trust Company for the face value thereof. In reply to this answer the plaintiff filed a general denial. In a trial before the court without a jury judgment was rendered in favor of the plaintiff against the garnishee.

[1, 2] It is contended on this appeal that the evidence was insufficient to support a finding that the funds held by the People's Guaranty State Bank of Tyler, the garnishee, belonged to Henderson & Rhoades, the debtors, against whom the Moore Grocery Company had filed its suit; and we are of the opinion that this is correct. In garnishment proceedings the burden of proving that the funds in the hands of the garnishee belong to the debtor rests upon the plaintiff in the suit. Eastline, etc., R. R. Co. v. Terry, 50 Tex. 129; Smith v. Merchants' Bank, 40 S. W. 1040; South Texas Bank v. Texas, etc., Lbr. Co., 30 Tex. Civ. App. 412, 70 S. W. 769. The facts developed on the trial show that on the date they were issued a member of the firm of Henderson & Rhoades drew the drafts mentioned in the name of his firm, payable to Nustain, cashier of the First Guaranty State Bank of Aubrey, and requested that credit for that amount be entered in favor of Henderson & Rhoades. The drafts were accepted by that bank at their face value and credit therefor entered on the books of the bank in favor of the Aubrey Milling Company, under which name Henderson & Rhoades were doing business. The amount thus credited was subject to check, and before the institution of this suit had been drawn out by the Aubrey Milling

Company. The drafts were sent to the Denison Bank & Trust Company indorsed "Pay to any bank, banker, or trust company." They were accompanied by a slip on which was written the following, "We inclose for collection and credit," signed by the cashier. The Denison Bank & Trust Company then forwarded the drafts for collection to the Tyler bank.

The evidence clearly establishes the fact that the drafts had been sold by Henderson & Rhoades to the Aubrey bank. That transaction was sufficient to divest Henderson & Rhoades of their title to the funds thereafter paid in satisfaction of the drafts. That being true, it was immaterial, so far as the issues in this appeal are concerned, which owned the funds, the Aubrey bank or the Denison Bank & Trust Company. The failure of the plaintiff in the suit to prove that the funds belonged to Henderson & Rhoades was enough to require the rendition of a judgment in favor of the garnishee. It is true that the Aubrey bank is not a party to this suit and is not here claiming any interest in the funds. But the testimony of its officers that the drafts had been sold by that bank to the Denison Bank & Trust Company should not have been discredited by the trial court. The sale by the drawers to the Aubrey bank was not disputed by any witness, and there was no evidence tending to impeach their testimony. The transaction thereafter between those two banks was one between third parties with which the appellee had no concern. Evidence tending to impeach the sale to the Denison Bank & Trust Company did not establish the ownership of the funds by Henderson & Rhoades, the debtors.

The judgment will here be reversed, and here rendered for the garnishee.