GATEWAY PRODUCE CO. v. SUNSET FRUIT & PRODUCE CO. et al. (No. 2289.)

(Court of Civil Appeals of Texas. Texarkana. June 3, 1920.)

1. Appeal and error ⟲⟹966(2)—Ruling on motion for continuance not disturbed in absence of abuse of discretion.

Court's ruling on motion of continuance for absence of testimony will not be disturbed on appeal in the absence of abuse of discretion.

2. Continuance ⟲⟹26(12)—Refusal to continue for testimony of absent witness held proper in absence of showing of diligence.

Where plaintiff had three months within which to have process issue to compel witness to appear before notary public and give his testimony, court's refusal to continue the case upon the ground that supplemental interrogatories had been propounded to such witness, who had failed to answer them, in order to prosecute legal process to compel such witness to testify, was not error; sufficient diligence not having been shown by plaintiff.

⟲⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. **Garnishment** ⊙⇒218—**Proceeds of seller's draft on buyer delivered to assignee of seller's account against buyer held to belong to assignee intervener.**

Facts in evidence showing that seller shipped goods to its own order and assigned its account against buyer, and delivered draft on buyer with bill of lading to assignee, who intervened in garnishment proceedings, *held* to support court's finding that the proceeds of .draft in hands of bank to which assignee had sent it for collection belonged to assignee' intervener, and could not be reached by seller's creditor.

Appeal from District Court, Bowie County; Sam. H. Smelser, Special Judge.

Action by the Gateway Produce Company against the Sunset Fruit & Produce Company, in which the American Commercial Bank intervened. Judgment for intervener, and plaintiff appeals. Affirmed.

Wheeler & Robison, of Texarkana, for appellant.

King & Estes, of Texarkana, for appellee.

LEVY, J. The appellant sued the Sunset Fruit & Produce Company for damages for breach of contract and obtained a judgment by default against it. At the time of' filing the suit the plaintiff sued out a writ of garnishment against the Texarkana National Bank, claiming that the bank had funds in its hands belonging to the defendants. The garnishee bank answered that it, acting as a collecting bank, had received from the American Commercial Bank of Wapato, Wash., claiming to be the owner thereof, a draft for $1,176 and had collected it against the Gateway Produce Company, and prayed that the said bank be made a party to the garnishment proceedings. The American Commercial Bank filed a plea of intervention, setting up that it was the owner of the draft by assignment and delivery for a valuable consideration, and as such owner was entitled to the proceeds collected in payment of it, and prayed for judgment for the money. The plaintiff by supplemental petition denied that the Sunset Fruit & Produce Company owed the intervener and had assigned the draft, and specially asked that the intervener be required, if the draft had not been paid, to apply the funds then in its hands to the payment of its claims and debts against the Sunset Fruit & Produce Company. The court, after hearing the evidence, entered judgment that the plaintiff take nothing by reason of the garnishment proceedings and that the intervener recover of the garnishee and the plaintiff the sum of money held by the garnishee by virtue of the writ of garnishment.

The first assignment of error complains of the overruling of the appellant's motion for a continuance of the cause. The application alleges that—

"The plaintiff desires the continuance of this cause in order to procure some additional testimony of J. P. Denham, who resides in Wapato, Wash., and who is the cashier and the active officer of the intervener."

It appears from the bill of exception that on June 3, 1919, before the trial of the case on January 12, .1920, the depositions of the witness J. P. Denham were filed in the court, and for the purpose of further developing certain facts supplemental or additional interrogatories were propounded by the plaintiff and crossed by the intervener and were forwarded to a notary public in Wapato, Wash. The witness, it is further alleged, "has failed and refused to answer said interrogatories," and "the notary public holding said depositions in this case has no power to force him to give his depositions in this case." The testimony sought is material, it is alleged, to the plaintiff's suit.

[1, 2] Assuming that the additional evidence sought was material in the case, yet the trial court may have properly overruled the motion, we conclude, on the ground of the want of sufficient diligence to have the witness testify, if such could be done through legal process. And if the trial court did not abuse the discretion lodged in him to grant continuances of this character, then this court cannot disturb the ruling. It reasonably appears from the application that the months of October, November, and December, 1919, passed without any effort to have process to issue to compel the witness to appear before the notary public and give his testimony. We conclude that the assignment must be overruled.

[3] By the second assignment of error it is contended that the court should have rendered judgment for the plaintiff and not for the intervener. The question in the case was that of priority of claims against the funds garnished. If the intervener was, as contended by it, the owner of the draft and the proceeds collected in payment thereof, then the funds garnished were not subject to the plaintiff's garnishment lien. The court's conclusion on all the facts in evidence was that the intervener was the owner of the draft and the proceeds of collection at the time of the garnishment. It is believed that the facts support the court's conclusion and judgment. Denison Bank & Trust Co. v. People's Guaranty State Bank, 218 S. W. 561.

It appears that the Sunset Fruit & Produce Company on the 13th of September, 1918, entered into a contract to sell the appellant two carloads of apples and then breached the contract, resulting in damage to the appellant in the sum of $750. On the 20th of November, 1918, the appellant bought from the Sunset Fruit & Produce Company another car of apples for the sum of $1,176, which

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

apples were shipped under a shipper's order bill of lading, showing that the apples were consigned to the order of the Sunset Fruit & Produce Company, Texarkana, Ark., notify Gateway Produce Company. It further appears that when the Sunset Fruit & Produce Company procured the bill of lading it made out an account against the Gateway Produce Company for $1,176 as the purchase price of the car of apples, and then sold and assigned said account to the American Commercial Bank of Wapato, Wash., and at the same time drew a draft on the Gateway Produce Company in favor of said bank for the amount of the account and delivered the draft and the bill of lading mentioned to the bank along with the assigned account. The account had the following indorsement signed by the Sunset Fruit & Produce Company, to wit: "For value received we hereby assign above account to the American Commercial Bank of Wapato, Washington."

The bank, in consideration of the assignment and delivery of the account, draft, and bill of lading, advanced to the Sunset Fruit & Produce Company $940, in evidence of which it took from the company a note payable on or before 30 days from date. At the time of this transaction the American Commercial Bank held an unpaid note against the Sunset Fruit & Produce Company for $3,500, and it was understood that the difference between the advancement and the $940 and the amount of the draft in controversy should be applied in payment of this above debt. The American Commercial Bank immediately forwarded the draft, together with the bill of lading attached, to the Texarkana National Bank for collection for its own account. Upon the draft and bill of lading above mentioned reaching the Texarkana National Bank, it notified the Gateway Produce Company, and that company immediately paid the draft and received the bill of lading. These facts would be sufficient, without setting out the other facts, to support the court's findings.

The third assignment of error does not present reversible error, and it should be, we conclude, overruled.

The judgment is affirmed.