POOL v. CHAPMAN, Com'r of Banking.
(No. 6826.)

(Court of Civil Appeals of Texas. Austin.
Feb. 18, 1925. Rehearing Denied
April 15, 1925.)

1. **Statutes ⬉⇒226 — Legislature by adopting National Banking Act adopted construction placed on it by United States Supreme Court.**

The Texas laws on subject of liability of stockholders of insolvent banks having been taken largely from National Banking Act (Comp. St. §§ 9813, 9816, 9821) the Legislature in adopting such national act, also adopted construction placed on it by United States Supreme Court.

2. **Banks and banking ⬉⇒47(2)—Necessity of assessment against bank stockholders within discretion of commissioner of banking.**

The question as to necessity of an assessment against stockholders of an insolvent bank, and of proceedings against them to enforce their personal liability, is within discretion of commissioner of banking, under Const. art. 16, § 16 (Rev. St. arts. 459, 552).

3. **Banks and banking ⬉⇒48(1) — Discretion vested in commissioner in enforcing stockholders' liability applicable to one transferring stock within 12 months prior thereto.**

The discretion vested in commissioner of banking under Const. art. 16, § 16 (Rev. St. arts. 459, 552), as to assessment of stockholders of insolvent bank, applies equally to enforcing liability of one who has transferred his stock within 12 months prior to insolvency.

4. **Banks and banking ⬉⇒49(7)—Petition by commissioner seeking to enforce stockholder's liability held to establish prima facie case of liability against stockholder.**

In action by bank commissioner to enforce liability of stockholder, allegations in petition that bank was insolvent, that stockholder transferred his stock less than 12 months prior thereto, that at time of transfer bank owed debts in excess of par value of stock, that commissioner had, after investigation, fixed stockholder's liability and demanded payment which was refused, *held* sufficient to establish a prima facie case of liability against stockholder.

5. **Banks and banking ⬉⇒48(1)—Stockholder transferring stock liable only for unpaid debts existing at time of transfer.**

A bank stockholder, who transferred his stock within 12 months prior to bank's insolvency, is liable, under Const. art. 16, § 16 (Rev. St. arts. 459, 552), only for such unpaid debts as existed at time he transferred his stock.

6. **Banks and banking ⬉⇒47(2)—Discretion of commissioner in assessing stockholder's liability subject to review in case of abuse.**

The discretion vested in bank commissioner to determine amount to be assessed against bank stockholder, under Const. art. 16, § 16 (Rev. St. arts. 459, 552), is subject to review in suit to enforce such assessment in case commissioner abuses such discretion.

7. **Banks and banking ⬉⇒49(7) — Whether debts owing bank paid prior to its insolvency matter of defense in suit against stockholder to enforce assessment.**

After commissioner of banking had made an assessment, under Const. art. 16, § 16 (Rev. St. arts. 459, 552), against stockholder who transferred stock within 12 months prior to bank's insolvency, in action against stockholder to enforce such assessment, the matter of whether or not debts owing bank at time stockholder transferred stock had been paid prior or to date bank was placed in hands of commissioner for liquidation was a matter of defense to be set up by stockholder, and not a matter to be pleaded and proven by commissioner.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by J. L. Chapman, Commissioner of Banking, against J. B. Pool. Judgment for plaintiff, and defendant appeals. Affirmed.

Gib Callaway, of Dallas, for appellant.
G. E. Smith, of Comanche, and E. P. Woodruff, of Brownwood, for appellee.

BAUGH, J. J. B. Pool owned 30 shares of stock, of the par value of $100 each, in the Guaranty State Bank of Sipe Springs, Tex. On August 18, 1920, he sold and transferred this stock to Thomas J. Driscoll. At that time the debts of said bank were largely in excess of the value of said stock. On May 31, 1921, said bank, then being admittedly insolvent, was placed in the hands of the commissioner of banking. On June 10, 1921, said commissioner of banking levied an assessment of 100 per cent. of the par value of said stock upon all who held stock therein on May 31, 1921, and upon those who had transferred their stock within 12 months prior thereto, including appellant. Upon appellant's refusal to pay this assessment, said commissioner brought this suit and recovered judgment for $3,000, interest, and costs. From this judgment, J. B. Pool has appealed. Further facts, necessary to the disposition of the case, will appear in our discussion.

Opinion.

Appellant brings two assignments which are embodied in one proposition as follows:

"Where it is alleged in the plaintiff's petition that the stockholder in a state bank transferred his stock prior to the time the bank became insolvent and was placed in the hands of the commissioner of banking, and there is no allegation in said pleading that any of the indebtedness, which was due and owing by the bank at the time of such transfer, was still in existence and unpaid at the time the bank became insolvent, the said pleading does not state a cause of action. Where there is no proof that any of the indebtedness, which was due and owing by the bank at the time a stockholder transferred his stock, was still unpaid at a subsequent date when the bank became insolvent and

⬉⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was taken over by the commissioner, the proof is insufficient to support the verdict."

Appellee neither alleged nor proved that any part of the indebtedness owed by the bank on August 18, 1920, when Pool transferred his stock, was still owed by it at the time the commissioner took it over on May 31, 1921.

In reply to appellant's proposition appellee submits two counter propositions, which are as follows:

1st. "The question as to the amount to be assessed against a stockholder in a defunct state bank, and when he is to be required to pay, is within the discretion and judgment of the commissioner, and his determination is conclusive, being treated with the same sanctity usually accorded to judicial decrees."

2nd. "The rule which permits the commissioner of banking to determine that debts exist for which a present stockholder is liable and which render it necessary to enforce his statutory liability, also applies to the case of a former stockholder who has transferred his stock within twelve (12) months prior to the failure of the bank."

Article 16, section 16 of the Texas Constitution, so far as applicable to the issue before us, provides as follows:

"The Legislature shall, by general laws, authorize the incorporation of corporate bodies with banking and discounting privileges, and shall provide for a system of state supervision, regulation and control of such bodies which will adequately protect and secure the depositors and creditors thereof. Each shareholder of such corporate body incorporated in this state, so long as he owns shares therein, and for twelve months after the date of any bona fide transfer thereof, shall be personally liable for all debts of such corporate body existing at the date of such transfer, to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred."

Article 552, Revised Statutes, also contains in effect the same provision. Though the language of this article is not entirely clear, we think it was not intended to extend the liability fixed by the Constitution, but rather to declare it.

Article 459, Revised Statutes, provides:

"The commissioner may, if necessary to pay the debts of such state bank, enforce the individual liability of the stockholders."

It also appears from the evidence that under date of June 10, 1921, the commissioner of banking sent to appellant, along with all stockholders, a letter, which, after quoting articles 552, 459, Revised Statutes, contained the following:

"Whereas, after careful investigation and inquiry, I have determined that in order to pay all debts of the said Guaranty State Bank of Sipe Springs, as provided by law, it will be necessary that the individual liability of the stockholders of said bank shall be enforced, to the full extent of such liability."

[1, 2] It seems well settled that the Texas law on this subject was taken largely from the National Banking Act (see Rev. St. § 5151, 5226, 5229, 5234 [Comp. St. §§ 9813, 9816, 9821]), and it has been repeatedly held that when the Legislature so adopted said act, it also adopted the construction placed on said Congressional Act by the United States Supreme Court. Collier v. Smith (Tex. Civ. App.) 169 S. W. 1111; Houston National Exchange Bank v. Chapman (Tex. Civ. App.) 263 S. W. 933, and authorities there cited. By analogy the duties and powers vested in the banking commissioner in fixing and enforcing the liability of stockholders of a defunct state bank are very similar to those vested in the United States Comptroller, in enforcing such liability against shareholders in a national bank. And in case of a national bank it is well settled that the question as to the necessity of an assessment and of proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, or if only a part, how much, shall be collected, are referred to the judgment and discretion of the comptroller, and his determination is conclusive.

This rule seems to have been originally announced in 1869, in Kennedy v. Gibson, 8 Wall. (75 U. S.) 505, 19 L. Ed. 476, and continuously followed thereafter. See Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864; Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598; Christopher v. Norvell, 201 U. S. 222, 26 S. Ct. 502, 50 L. Ed. 732, 5 Ann. Cas. 740. Such matters "are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper, and upon such data as shall be satisfactory to him." Kennedy v. Gibson, supra.

This was quoted with approval by the Amarillo Court of Civil Appeals in Collier v. Smith, supra, and a writ of error refused by our Supreme Court, and has been continuously followed since. Particular application of the rule thus announced to the commissioner of banking in case of state banks is made in Knollenberg v. Chapman (Tex. Civ. App.) 258 S. W. 549. In the case of Austin v. Campbell (Tex. Civ. App.) 210 S. W. 277, which was very similar to the instant case, the court said:

"A similar authority conferred upon the United States Comptroller of the Currency is considered as a quasi judicial function, and his decision is treated with the same sanctity usually accorded to judicial decrees."

[3] Nor do we see any logical distinction to be made between the act of enforcing the liability of a stockholder, who was such at the time the commissioner took over the insolvent bank, and that of enforcing the liability of one who had transferred his stock within 12 months thereafter. The liability in either instance is fixed by the Constitution and the law, and the power to enforce it in either instance is vested in the commissioner by the same article of the statute. As stated in Austin v. Campbell, supra:

"The reasons for the rule are no less cogent in one case than in the other. If a present stockholder is compelled to pay more than is needed in settling the debts of the bank, he is entitled, at the close of the administration, to a return of the surplus; and the same avenue of relief is open to a former stockholder."

And, in writing upon a motion for rehearing in that case, the following language was used by the court:

"Unless there is some good reason for withholding from the commissioner the power to enforce the liability of former stockholders, no such construction should be placed upon the statute, since to do so would expose the creditors of insolvent banks to the very hazards and delays which the law seeks to obviate. The same considerations of business policy which justify the remedy prescribed for enforcing the liability of present stockholders apply with equal force to that of former stockholders. * * * The only difference between the attitude of a former stockholder and that of an existing stockholder toward the creditors of a bank is that one class is liable for all debts, and the other may be liable for only a part.

"There is no more injustice in permitting the commissioner to determine that debts exist for which a former stockholder is liable and which render it necessary to enforce his liability than for authorizing him to exercise a similar function as a condition for proceeding against a present stockholder. The only fact which a former stockholder may plead, which is not equally available to an existing stockholder, is that the unpaid debts of the bank did not exist when he assigned his stock. In ordinary proceedings in a court of equity both classes of stockholders might question the existence of any debts, or the necessity for enforcing their liability. It is no more inequitable to deprive one of that defense than to take it from the other."

Writ of error was refused in that case.

[4] It thus appears that in the interest of the depositors and creditors for whom the commissioner acts, and in order to expedite the administration and final settlement of the insolvent bank's business, and thus protect such depositors and creditors against losses for delay, the commissioner's findings as to a stockholder's liability, and his assessment based thereon, have by the courts, been given a quasi judicial status. Such is the rule laid down in the cases cited. It follows then, necessarily, that when appellant alleged that said bank was insolvent on May 31, 1921, that Pool had transferred his stock, less than 12 months prior thereto; that at the time of said transfer said bank owed debts in excess of the par value of Pool's stock; that appellant had, after investigation, fixed his liability in accordance with law, and demanded payment which was refused, his allegations were sufficient. Under the decisions, when he had proved these essential elements he established a prima facie case of liability against Pool, and as against a general demurrer it is elementary that he would not be required to allege more than it was necessary to prove to make out his case.

[5-7] Of course appellant was liable under an assessment only for such unpaid debts as existed at the time he transferred his stock. Nor do we understand that the commissioner's discretion in determining and enforcing the stockholder's liability is not to be subject to review in any case. Certainly an abuse of that discretion would be a proper matter for review in a suit to enforce such assessment. We think, however, that after the assessment against Pool had been made, the matter of whether or not the debts due and owing by the bank at the time he transferred his stock had been paid prior to the date the bank was placed in the hands of the commissioner for liquidation was a matter of defense to be set up by appellant, and not a matter to be pleaded and proven by appellee.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.