### CHAPMAN, Banking Commissioner, v. SPARKS.   (No. 7517.)

(Court of Civil Appeals of Texas. San Antonio. March 17, 1926. Rehearing Denied May 5, 1926.)

1. **Banks and banking** &#8658;48(½).

Statutory liability of bank stockholder is ordinarily determined by date of formal transfer of stock on the books.

2. **Banks and banking** &#8658;48(1)—Where bank stockholder transferred stock in good faith, and delivered certificate to bank president to record transfer, but transfer was not entered on books until later, stockholder's liability was to be determined as of date of surrender.

Where bank stockholder transferred stock in good faith, and delivered certificate to bank president to record transfer, but transfer was not entered on bank's books until later, stockholder's liability was to be determined as of date of surrender.

3. **Banks and banking** &#8658;49(7)—In suit by banking commissioner under statute making former stockholders liable to assessment for debts of bank, if bank fails within 12 months after transfer of stock, held, commissioner must allege and prove that bank was insolvent or owed debts at time of transfer (Rev. St. 1911, art. 552; Const. art. 16, § 16).

In suit by banking commissioner under Const. art. 16, § 16, and Rev. St. 1911, art. 552, making former stockholders liable to assessment for debts of bank, if bank fails within 12 months after transfer of stock, commissioner must allege and prove that the bank was insolvent or owed debts at time of the transfer as well as that bank failed and that an assessment was necessary.

4. **Banks and banking** ⊂⇒49(8)—**In suit under statute making bank stockholder, who transferred stock during 12 months prior to bank's failure, liable to assessment for debts due at time of transfer, burden of proving that debts existing at time of transfer were paid rests on defendant (Const. art. 16, § 16; Rev. St. 1911, art. 552).**

In suit under Const. art. 16, § 16, and Rev. St. 1911, art. 552, making bank stockholder, who transferred stock during 12 months prior to bank's failure, liable to assessment for debts due at time of transfer, burden of proving that debts due at time of transfer had been paid *held* to rest on defendant.

On Motion for Rehearing.

5. **Banks and banking** ⊂⇒47(1)—**Bank stockholders of record are liable to assessment equal to par value of stock for debts existing at bank's failure (Const. art. 16, § 16; Rev. St. 1911, art. 552).**

Under Const. art. 16, § 16, and Rev. St. 1911, art. 552, bank stockholders of record are liable to assessment for bank's debts on its failure to an amount equal to the par value of the stock.

6. **Banks and banking** ⊂⇒48(1)—**Every former bank stockholder who transferred his stock within 12 months before bank's failure is liable to assessment equal to par value of stock for debts existing at time of transfer (Const. art. 16, § 16; Rev. St. 1911, art. 552).**

Const. art. 16, § 16, and Rev. St. 1911, art. 552, make every former stockholder in a bank who transferred his stock within 12 months preceding bank's failure liable to an assessment equal to the par value of his stock for debts of the bank existing at the time of the transfer of his stock.

7. **Banks and banking** ⊂⇒47(2)—**Banking commissioner's determination as to solvency of failed bank, necessity of assessment, and requisite amount thereof is conclusive, in suit to enforce stockholder's liability (Const. art. 16, § 16; Rev. St. 1911, art. 552).**

Banking commissioner's determination as to solvency of failed bank, as to the necessity of an assessment and as to the requisite amount thereof is conclusive, in suit brought by him to enforce stockholder's liability, under Const. art. 16, § 16, and Rev. St. 1911, art. 552.

8. **Banks and banking** ⊂⇒49(8)—**In suit to recover stockholder's liability, banking commissioner's determination that defendant is stockholder by assessing her is not conclusive but fact must be proved by him (Const. art. 16, § 16; Rev. St. 1911, art. 552).**

In suit to recover stockholder's liability, under Const. art. 16, § 16, and Rev. St. 1911, art. 552, banking commissioner's determination that defendant is a stockholder is not conclusive, but the banking commissioner must prove that fact, and hence including defendant among those assessed does not make him liable.

Appeal from Nueces County Court; Jesse Wright, Judge.

Suit by J. L. Chapman, Banking Commissioner, against Jewel Sparks. Judgment for defendant, and plaintiff appeals. Affirmed.

W. H. Baldwin, of Rockport, Ward & Beverly, of Corpus Christi, and Spencer & Rogers, of San Antonio, for appellant.

Kleberg & North, of Corpus Christi, for appellee.

SMITH, J. The State Bank of Rockport, Aransas county, being insolvent, ceased to do business on March 27, 1922, when the state banking commissioner took charge of the institution for the purpose of winding up its affairs under the provisions of title 14, R. S. 1911, as amended by later acts. The regularity of the acts of the commissioner in closing and taking possession of the bank is not in question here.

In January, 1921, Miss Jewel Sparks became the owner of ten shares of the capital stock of the bank, of the par value of $100 per share, and the transfer of the stock to her was duly made on the books of the bank. She obtained this stock for the purpose of qualifying as cashier and a director in the bank, which offices she held until in June, 1921, when she resigned and surrendered the stock to the president of the bank to make way for her successor in office, who succeeded her in the ownership of the stock. The transfer of the stock from her to her successor was not entered on the bank's books, however, until January 20, 1922, up to which date she continued to appear in the bank's books as the owner of the stock.

When the bank failed and was closed in the following March, the commissioner called upon all stockholders of record, as well as all those who had owned stock at any time during the preceding 12 months, to pay an assessment of 50 per cent. of the amount of stock so held by them, as provided in article 552, R. S. 1911. Miss Sparks was among those so assessed, and, upon her refusal to pay the assessment, the commissioner brought this suit to enforce his demand. The trial court held that Miss Sparks was not liable.

The evidence shows that Miss Sparks paid nothing for the stock she held. The certificates of the stock were transferred to her on January 8, 1921, by three other stockholders, and she assumed the duties of cashier and director. In June, 1921, she resigned these offices, severed her connection with the bank, entered an indorsement on the back of her certificate of stock transferring it in blank, and delivered the indorsed certificate to the president of the bank. The certificate was acquired by her successor in office, H. E. Bahr, but, apparently through inattention on the part of the bank officials, the formal transfer of the certificate from Miss Sparks to Bahr was not entered in the books until January 20, 1922. In this way Miss Sparks

actually disposed of the stock and indorsed a transfer thereof in blank in June, 1921, but the transfer did not appear of record until January 20, 1922. The bank was closed and its affairs taken over by the commissioner on March 27, 1922. It appears, then, that Miss Sparks was the actual owner of the stock during the first 3 months of the 12 months next preceding the bank's failure, and was the record owner during the first 10 months of the 12-month period.

The Constitution and statute provide that every stockholder of a state banking corporation, "so long as he owns stock therein, and for 12 months after the date of any bona fide transfer thereof, shall be personally liable for all debts of such corporate body existing at the date of such transfer to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred. Const. art. 16, § 16; article 552, R. S. 1911.

The effect of this provision is to render every stockholder of record liable to an assessment equal to the par value of his stock for the debts of the bank existing at the date of the bank's failure, and to render every former stockholder, who has transferred his stock within 12 months preceding such failure, equally liable for all debts of the bank existing at the time of such transfer of stock. In other words, as we construe the provision in question, where the bank is free of debts at the time the stockholder transfers his stock, such stockholder is not liable to any assessment, even though the transfer occurs within 12 months next preceding the bank's failure.

[1] The first question presented by this state of facts is that of whether appellee's liability upon the assessment is to be fixed by the date she actually transferred the ownership of the stock to her successor or by the date of the formal transfer of the stock upon the books of the bank. Ordinarily, the period of liability of the stockholder is determined by the date of the formal transfer of his stock upon the books of the bank, upon the theory that the public must look to those books to ascertain who are the stockholders of the corporation, and are not affected with notice of an unrecorded transfer. Chapman v. Pettus (Tex. Civ. App.) 269 S. W. 269.

[2] But the Court of Civil Appeals of the Sixth district has drawn a distinction in the case of a stockholder whose stock has been actually transferred in good faith, but through no fault of his has not been formally transferred of record. Chapman v. Beeman, 265 S. W. 243. In that case, as in this, Beeman, in good faith, disposed of his stock to another, and, after transferring the certificate by indorsement, delivered it to the bank's president to be transferred of record. The bank officials whose duty it was to enter the transfer of record neglected to do so, and, when the bank failed within 12 months of the formal transfer, it was sought to hold Beeman liable for an assessment. The Court of Civil Appeals held that he was not liable, even though the formal transfer was not made until within 12 months of the bank's failure. It was said by Judge Hodges:

"It is apparent that the rule which holds stockholders disposing of their shares of stock to a strict compliance with the regulations prescribing the method of making transfers is based upon the principle of estoppel. Presumably those who extend credit to a bank do so, partly, at least, upon the solvency and financial standing of its shareholders; and the records of the corporation are expected to furnish a correct list of those shareholders. But the principle of estoppel in pais applies only when the party against whom it is invoked has failed to do that which it was his duty to do in order to prevent a deception. If there has been no culpable neglect or failure on the part of the selling shareholder to do what is legally required of him in order to have the transfer entered of record as required by the by-laws of the corporation, there is no basis for an estoppel."

Applying this rule to the facts of this case, appellee's liability was fixed as of the date of the actual transfer of her stock in June, 1921, and not of the date of the formal transfer of record on January 20, 1922. She parted with her title to the stock in June, at which time she delivered the transferred stock to the bank officials, whose duty it was to make a record of the transfer. By disposing of her stock appellee completely severed her connection with the bank, and therefore had no authority herself to make any entry upon the books. She had done all she could do, or that was required of her as a seller of stock, to complete the transfer, and under the authority of the case cited her liability was fixed by the condition of the bank at that time. If the bank's debts at that time exceeded its liabilities, then appellee would be required to respond to the assessment made against her by the commissioner; but, if the bank was solvent at that time and owed no debts, she was not liable upon the assessment.

[3] It was neither alleged nor proven by the commissioner that the bank was insolvent or owed any debts in June, 1921, when appellee transferred her stock, and the question arises whether the commissioner can recover of her, in the absence of such allegation or proof. We conclude that he cannot do so. The existence of such debts at that time was a condition precedent to the commissioner's right of recovery, just as the ultimate collapse of the bank and the resulting assessment was essential to such recovery. It was incumbent upon the commissioner to allege those conditions, and to prove them. He did allege and prove that the bank failed; that it was insolvent at the time of the failure and during the 2 or 3 months just prior thereto, that an assessment was necessary and was actually made; but he did not allege or

prove that a condition of insolvency existed at the time appellee transferred her stock in June, 1921. We conclude, then, that he did not make out his case against appellee, and the judgment must be affirmed in her behalf.

[4] This holding is not regarded as in conflict with the case of Pool v. Chapman (Tex. Civ. App.) 271 S. W. 427. In that case it was shown that the bank was insolvent at the time the transfer was made. The stockholder contended that the debts existing at the time of the transfer were paid off prior to the bank's failure, which resulted from debts becoming due after the transfer. It was held that this contention of the stockholder constituted defensive matter to be set up by the stockholder, and not by the commissioner, and this ruling was undoubtedly correct. But it did not relieve the commissioner of the duty of primarily showing that the bank owed debts at the time the stockholder transferred his stock.

The judgment is affirmed.

### On Motion for Rehearing.

[5-8] The Constitution and statutes divide into two classes those who are liable for the debts of defunct state banks. In the first class are those who are stockholders at the time of the bank's collapse; in the second class are former stockholders who have disposed of their stock within 12 months of the date of the collapse. Those in the first class are liable for debts owing the bank at the time of the collapse; those in the second class are liable for debts owing at the time of the transfer of their stock. If at the time of such transfer the bank is solvent, those in the second class cannot be held liable in any event. The questions of the solvency of the bank at such dates, of the necessity of an assessment, and of the requisite amount of the assessment, are determinable by the commissioner, and his action thereon is conclusive, and cannot be questioned in a proceeding brought by him to enforce the liability of the stockholders. But we do not understand that the determination by the commissioner that a person is a stockholder is conclusive against one who is not in fact a stockholder. If he had this power of absolute adjudication, then he could hale any person into court and subject him to liability in a transaction to which he was a total stranger. So, if appellee had never owned stock in the bank, the commissioner could not render her liable by simply including her among those assessed. To render her liable in his proceeding to enforce liability, he must show that she is a stockholder in the bank, or that, not being a present stockholder, she had owned stock within the 12-month period, and had transferred such stock during the period of the bank's insolvency. If she had transferred her stock more than 12 months before the collapse, she would not be liable, and the action of the commissioner in including her among those assessed could not be given the effect of rendering her liable; nor would his act render her liable if the bank was free from debt at the time she transferred her stock, although such transfer was within the 12-month period.

In deference to the decision in the case of Chapman v. Beeman, 265 S. W. 243, we held that appellee transferred her stock in good faith in June, 1921, preceding the bank's suspension in the following March, 1922. If the bank owed debts at the time she transferred her stock, she was liable under the assessment, but she was not liable, if there were no debts then. The commissioner alleged in his petition that she owned her stock in January, 1922, and that the bank was in debt at that time. But the proof showed that she did not own any stock in January, 1922, but had transferred her stock in June, 1921, and there were no allegations or proof that the bank was then in debt. We have simply held in the original disposition of the appeal that it was incumbent upon the commissioner to show that appellee transferred her stock within the 12-month period, and at a time when the bank was in debt. There being no such showing, the commissioner could not recover. We adhere to this holding, and overrule appellant's motion for rehearing.