**AUSTIN, Com'r of Banking, v. POOL.**
**(No. 353.)**

Court of Civil Appeals of Texas. Eastland.
Oct. 21, 1927.

Rehearing Denied Dec. 2, 1927.

1. **Banks and banking** ⟐49(8)—In suit for bank stockholder's liability, evidence held not to sustain special finding that indebtedness owed by bank at time of stock transfer was paid before failure of bank.

In suit to enforce liability of former owner of bank stock, evidence *held* insufficient to sustain special finding that all indebtedness owed by bank at time of transfer of stock was paid at or before bank was placed in hands of banking commissioner for liquidation.

2. **Banks and banking** ⟐48(1)—Former bank stockholder held not subject to stock liability, where bank was solvent when he transferred stock.

Former stockholder of bank which failed within 12 months after transfer of stock by him *held* not subject to stock liability, where bank was solvent when he transferred stock.

3. **Evidence** ⟐536—Liquidating agent of bank held not qualified to give opinion as expert respecting bank's solvency at certain date, where he took charge five years after that date.

Liquidating agent of bank *held* not qualified to give opinion as expert respecting solvency of bank at time of stock transfer, where his knowledge of the condition of the bank was acquired more than five years after the stock transfer, and five years after the bank became insolvent.

4. **Banks and banking** ⟐49(8)—Admissibility in suit for bank stockholder's liability, of testimony of liquidating agent as to insolvency, must be determined by rules applicable to testimony generally.

Admissibility, in suit for former bank stockholder's liability of testimony of liquidating agent of bank as to its insolvency at time of transfer of stock, must be determined by the same rules of evidence as are applied to the testimony of witnesses generally.

5. **Banks and banking** ⟐49(8)—In suit for bank stockholder's liability ledger of bank at time of failure held inadmissible to show insolvency nine months before.

In suit to recover liability of former stockholder of bank, general ledger account of bank,

showing its assets and liabilities when it was taken over for liquidation by banking commissioner, *held* inadmissible to show insolvency of bank at time of transfer of stock nine months before.

**6. Appeal and error ⬚1052(8)—Admission of testimony offered by defendant respecting bank's solvency, if error, held harmless, where plaintiff failed to sustain burden of establishing insolvency.**

Admission of testimony offered by defendant tending to prove that bank was solvent at time of stock transfer *held* harmless on appeal by plaintiff, where plaintiff failed to sustain burden of showing that bank was insolvent at time of transfer.

On Motion for Rehearing.

**7. Courts ⬚91(1)—Court of Civil Appeals' cannot overrule, modify, or refuse to follow decisions of Supreme Court.**

Court of Civil Appeals is bound by decisions of Supreme Court, and cannot overrule, modify, or refuse to follow them.

Appeal from District Court, Comanche County; Joe H. Eidson, Judge.

Suit by J. L. Chapman, Commissioner of Banking, for whom was substituted Chas. O. Austin, Commissioner of Banking, against J. B. Pool. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

See, also, 271 S. W. 427, and 283 S. W. 762.

G. E. Smith, of Comanche, for appellant.
Gib Callaway, of Dallas, for appellee.

HICKMAN, J.   This is the second appeal of this case. The opinion by the Court of Civil Appeals on the former appeal is reported in Pool v. Chapman, 271 S. W. 427, and the opinion by the Commission of Appeals is reported in Pool v. Chapman, 283 S. W. 762. The suit was to enforce the liability of appellee as the owner of 30 shares of stock of the par value of $100 each in the defunct Guaranty State Bank of Sipe Springs, Tex. The bank went into the hands of the commissioner for liquidation within 12 months after appellee had sold and transferred his stock. Upon a retrial of the case, after same was remanded by the Supreme Court, Chas. O. Austin, banking commissioner, upon his motion, was made plaintiff instead of his predecessor in office, J. L. Chapman. The case was tried before a jury upon special issues, resulting in a judgment that appellant take nothing by his suit.

[1] One of the special issues submitted by the court to the jury was as follows:

"Was all of the indebtedness which the Guaranty State Bank of Sipe Springs owed at the time J. B. Pool sold his stock paid at or before the time the bank was placed in the hands of the commissioner?"

This issue was answered by the jury in the affirmative.

The assignment is made here that the answer of the jury to this issue was not supported by the evidence. An examination of the evidence leads us to the conclusion that this assignment must be sustained. It discloses that on August 18, 1920, the date appellee transferred his stock, the bank was indebted in various amounts. One of these items of indebtedness consisted of deposits exceeding in amount $400,000. Another item was bills payable, amounting to $25,000. There is evidence in the record that the $25,000 item was paid, but we find no evidence that any other item of indebtedness was paid. The only testimony on the subject, which we have found in the record, is that given by the appellee himself in the following language:

"I don't suppose we are allowed to enter proof that all of these debts at that time were paid later, the $25,000 debt was paid. I know that that could be established from the ledger there."

As we construe this testimony, the witness was testifying only that the $25,000 item was paid. Reluctant as we are to disturb the findings of a jury on any issue of fact, we would be compelled to remand this case for another trial on this assignment, were it not for the fact that we have concluded that the judgment must be affirmed on another ground.

[2] The other special issue submitted by the court to the jury was as follows:

"Do you find from a preponderance of the evidence introduced in this case that at the time the defendant, J. B. Pool, transferred his stock in question that said bank was insolvent?"

This issue was answered in the negative.

It was held in the opinion by the Commission above referred to upon the former appeal of this case that appellee would not be liable for this assessment as a former stockholder, unless the bank was insolvent at the time he transferred his stock. The evidence in the record sustains the finding of the jury on this issue, which requires an affirmance of the case, unless there is merit to the other assignments brought by appellant.

[3] Error is alleged to the refusal of the trial court to permit the witness P. A. Phillips to testify that, from his knowledge of the condition of the bank at the time appellee transferred his stock, the bank was then insolvent. This witness was the liquidating agent sent to Sipe Springs by the banking commissioner to wind up the affairs of this insolvent bank. His examination of the assets of the bank began five years after the bank had admittedly become insolvent, and more than five years after appellee had trans-

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ferred his stock. The witness had never been in Comanche county, the county in which Sipe Springs is located, prior to the time he came there as liquidating agent, and his knowledge of the condition of the bank at the time appellee transferred his stock was based upon the condition of the books as he found them later, and such information as he could gather concerning the bank's debts and his experiences in trying to collect the debts owing to the bank. We do not think it was error for the court, upon objection of appellee, to exclude this evidence.

[4] Under the holding of the Commission of Appeals in this case, the banking commissioner would have been entitled to give this testimony, and, as we construe the holding, such testimony by the commissioner who was in office at the time the transfer was made would have been conclusive of the matter. But, the rule of law which, because of necessity and public policy, permits a banking commissioner to determine that a bank is insolvent at any given time, and testify to that fact, cannot be so extended as to permit the liquidating agent to give like testimony. The testimony of this witness must be measured by the same rules of evidence as are applied to witnesses generally. Even if the matter under inquiry was a proper subject for expert testimony, this witness failed to show himself qualified to give an opinion thereon.

[5] The court committed no error in refusing to permit appellant to introduce in evidence the general ledger account of the bank, showing its assets and liabilities at the time it was taken over for liquidation by the commissioner. It was held upon the former appeal of this case that such a statement of assets and liabilities on the date of the transfer of the stock was no evidence of the insolvency of the bank at that time. That being the holding, certainly a statement of the condition of the bank nine months later would not be evidence on that same issue.

[6] A number of assignments complain of the action of the trial court in admitting evidence offered by appellee for the purpose of showing that the bank was solvent on the date of the transfer of his stock. These assignments will not be discussed separately, for the reason that the burden was upon appellant, under the holding of the Commission, to establish the fact of the insolvency of the bank on the date of the transfer, and we find no evidence in the record discharging that burden. Under this situation errors, if any, committed by the trial court in admitting testimony offered by appellee tending to prove the solvency of the bank were harmless. The court should have peremptorily instructed the jury to find for appellee, on account of the failure of appellant to make out a prima facie case of insolvency.

Appellant's counsel ably contends that appellee should not be discharged from the personal liability for the debts of the bank imposed upon him by the Constitution of Texas by the mere inability of appellant to prove the bank insolvent at the time of such transfer. Counsel for appellee fully agrees with this contention, and stipulates in his brief and oral argument that the question of the solvency or insolvency of the bank at the date of the transfer could not be determinative of appellee's liability. However, he states, out of deference to the Commission's opinion, he is willing to take advantage of the defense in behalf of his client. While such frank discussions of the law are always appreciated by the court, yet in this instance we are unable to declare the law as agreed to by the parties, because the Supreme Court has adopted the opinion of the Commission and thereby made it the law. Our duty is to follow it.

The judgment of the trial court will be affirmed.

### On Motion for Rehearing.

[7] We have before us a very interesting and logical motion for rehearing filed in this cause by appellant, but in our opinion it is addressed to the Supreme Court rather than to this court. The holding of the Commission of Appeals on the former appeal of this case is vigorously attacked as a radical departure from the Constitution, the statutes, and prior decisions of the appellate courts of this state and other states of the Union. It is insisted that the holding leads us to a jungle of such confusion and doubt that can only result in disaster to the banking department of Texas. Wherefore we are asked thoughtfully to consider the motion for rehearing, and, as we understand the motion, to refuse to follow, but overrule, that opinion, which was adopted by the Supreme Court.

This motion propounds the following interrogatory to this court:

"Why not assume that the framers of the Constitution and the people who voted it into existence meant exactly what it says?"

To this motion and the interrogatory propounded we have but to say that the decisions of the Supreme Court are binding upon us, and it is not within our power to overrule, modify, or refuse to follow them.

On the authority of that opinion, the motion for rehearing is overruled.