## HELDENFELS v. CHAPMAN, Bank Com'r. (No. 7516.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 24, 1926. Rehearing Denied April 7, 1926.)

1. Banks and banking ⊜⟿47(1).

Any person holding himself out as owner of shares by allowing himself to appear as registered owner on books of bank may be treated as stockholder.

2. Banks and banking ⊜⟿48(1)—Under Constitution, stockholder in bank is liable on its insolvency, notwithstanding attempted transfer two months previous.

Under Constitution, making shareholder in bank liable for 12 months after date of bona fide transfer, stockholder in bank held liable on its insolvency, notwithstanding purported transfer of stock two months previous.

3. Banks and banking ⊜⟿47(2).

Necessity of enforcing personal liability of stockholders is discretionary with commissioner of banking, and his determination is conclusive.

Appeal from Aransas County Court; Joe A. Harper, Judge.

Suit by J. L. Chapman, Bank Commissioner, against F. W. Heldenfels. Judgment for plaintiff, and defendant appeals. Affirmed.

Beasley & Beasley, of Beeville, for appellant.

Spencer & Rogers, of San Antonio, and W. H. Baldwin, of Rockport, for appellee.

FLY, C. J. Appellee, in his capacity of banking commissioner of the state of Texas sued to recover $500 from appellant, alleged to be due by him as owner of ten shares of the par value of $100 in the State Bank of Rockport, which had become insolvent and closed its doors and surrendered its assets and affairs to the banking commissioner, and he declared the respective owners and holders of shares in the defendant bank to be liable to the creditors for 50 per cent. of the par value of their shares. Appellant pleaded general denial and two years' limitation. The cause was heard by the county court without a jury, and judgment rendered in favor of the banking commissioner for $500, with 6 per cent. interest thereon from May 31, 1924.

The court found that the suit had been filed by Chapman as banking commissioner, and that his duly appointed successor, Charles O. Austin, had prosecuted the suit; that the State Bank of Rockport was incorporated under the laws of Texas in January, 1910, with a paid-up capital of $15,000, divided into 150 shares of the par value of $100 each; that in January, 1921, appellant acquired 10 shares of the bank stock, and became the acting president and a director of the bank. The shares stood in the name of appellant on the books of the bank when it closed its doors on March 27, 1922, and was taken in charge by the commissioner of insurance and banking, and on May 31, 1924, an assessment was made by the commissioner against all shareholders of 50 per cent. of their shares, as well as those who had transferred their shares 12 months prior to the time the bank was closed. The assessment was declared to be necessary in order to pay claims against the bank. Appellant sought to transfer his stock on January 30, 1922, about two months before the bank was closed, but the shares were never transferred on the books of the bank to the purported purchaser.

[1, 2] Under the law appellant was a share-

holder in the bank when it was closed in March, 1922. No transfer had been made of his shares on the bank books, and appellant will be held to be the owner of the 10 shares of stock. The rule is well established "that any person who holds himself out as the owner of shares, by allowing himself to appear as the registered owner on the books of the bank, may be treated as a stockholder." Chapman v. Pettus (Tex. Civ. App.) 269 S. W. 268. Appellant was a stockholder when the bank was closed. The Constitution made him a stockholder, because it declares that each shareholder, so long as he owns shares therein, and for 12 months after the date of any bona fide transfer thereof, shall be liable, and the testimony fails to show a transfer in good faith of the shares, but tends to show an attempt to flee from a sinking ship—an insolvent concern. The attempted transfer was not a legal transfer.

[3] The commissioner of banking followed the law, and the exercise of his discretion in declaring liability on the shares will not be disturbed. "Under the statute the questions whether it is necessary to enforce the personal liability of the stockholders, and, if so, to what extent, are referred to the commissioner's judgment and discretion, and his determination of them is conclusive." Brooks v. Austin (Tex. Civ. App.) 206 S. W. 723; Pool v. Chapman (Tex. Civ. App.) 271 S. W. 427. The evidence is sufficient to support the findings of fact.

There is no merit in the propositions, and the judgment is affirmed.