AUSTIN, Banking Com'r, v. GAMBLE et al.
(No. 543.)

Court of Civil Appeals of Texas. Waco.
June 16, 1927.

Rehearing Denied Sept. 8, 1927.

1. Banks and banking ⬤⟞49(8)—Stock books of bank are not conclusive evidence of ownership.

The stock books of a bank are prima facie evidence of stock ownership, but do not indisputably establish ownership.

2. Banks and banking ⬤⟞47(1)—Constitution and statutes place penalties for stock ownership on real owners of bank stock and not on apparent owners (Rev. St. 1925, art. 535; Const. art. 16, § 16).

Const. art. 16, § 16, and Rev. St. 1925, art. 535, place the penalties for stock ownership in a bank upon the real stock owners and not upon the apparent owners.

3. Banks and banking ⬤⟞48(1)—Former bank stock owner held not liable for assessment notwithstanding he had permitted name to remain on stock books as owner.

Former bank stock owner *held* not liable for an assessment notwithstanding he had permitted his name to remain on the books of the bank as owner with the knowledge and approval of the banking department and state bank examiners in order that he might remain a director in the bank.

Appeal from Kaufman County Court; Chas. Ashworth, Judge.

Suit by Charles O. Austin, Banking Commissioner, against H. L. Gamble and another. Judgment for plaintiff as against H. L. Gamble only, and plaintiff appeals. Affirmed.

A. J. Lewis, of Cameron, and Thos. R. Bond, of Terrell, for appellant.

Wynne & Wynne, of Kaufman, for appellees.

BARCUS, J. This suit was instituted by appellant seeking to recover $400 from appellee W. R. Weems, being a 100 per cent. assessment levied on four shares of stock which appellant claimed Weems owned in the First State Bank of Scurry when it was taken over for liquidation on May 23, 1925. The cause was tried to the court and resulted in a judgment favorable to Weems.

It appears without dispute that in December, 1918, the four shares of stock in controversy were purchased by Weems in order that he might become a director in said bank, he at that time owning one other share. At the time he purchased the four shares of stock, appellee Gamble, who seems to have been one of the active men in charge of said bank, agreed with Weems that he (Gamble) would at any time Weems became dissatisfied take said stock off of his (Weems') hands. In 1923 an assessment was levied on the stock-

---

holders in said bank, and Weems became dissatisfied, and Gamble, in compliance with his former contract and agreement, paid the assessment and purchased from Weems the four shares of stock, paying him therefor, and the stock certificates were at said time, in 1923, delivered to Gamble. At the earnest solicitation of Gamble and the other directors of the bank, and with full knowledge and approval of the banking department of Texas and the state bank examiners, the stock was left on the books in the name of Weems in order that he might act as a director, the law requiring a director to be the owner of at least five shares of stock. It was known to all of the directors of the bank as well as the banking department and bank examiners, from 1923 until the bank was closed in 1925, that as a matter of fact Weems did not own said shares of stock. On March 7, 1925, prior to the time the bank was closed in May, 1925, the old stock certificate of Weems was surrendered to the corporation and new stock issued therefor in the name of Gamble, who had been the actual owner thereof for some two years.

[1, 2] Appellant's sole contention in this case is that appellee Weems is responsible for the assessment on said four shares of stock and that he is estopped from denying liability because he permitted the same to remain in his name on the stock books. He cites in support of his contention Chapman v. Pettus (Tex. Civ. App.) 269 S. W. 268, which seems to in part support his contention. The more recent decisions by our Supreme Court, as well as our Courts of Civil Appeals, have materially limited the effect of the Chapman v. Pettus Case. Section 16, art. 16, of the state Constitution, as well as article 535 of the Revised Statutes, provide that each stockholder in a bank shall be liable for an assessment so long as he owns shares therein and for twelve months after he had made a bona fide sale thereof. The stock books are prima facie evidence of stock ownership, but do not indisputably establish ownership, and the Constitution and statutory provisions place the penalties for stock ownership upon the real owners and not upon the apparent owners. The holding of our courts now seems to be that only the real owners of the stock within the time limit before the assessment was levied are liable, unless some equities have intervened that would estop the record owner from claiming that he was not the real owner. Chapman v. Marsico (Tex. Civ. App.) 270 S. W. 1113, 281 S. W. 198; Chapman v. Sparks (Tex. Civ. App.) 283 S. W. 338; Furr v. Chapman (Tex. Com. App.) 286 S. W. 171; Brooks v. Austin (Tex. Civ. App.) 206 S. W. 723. In Chapman v. Marsico, supra, the Commission of Appeals held that Marsico was not liable, although at the time the bank failed and same was taken over by the commissioner, according to the stock books of the bank he was the sole individual owner of 15 shares of stock. He was permitted to prove that the stock did not in fact belong to him but that he held same only as collateral security.

[3] In Furr v. Chapman, supra, the Commission of Appeals held that Furr was not liable, although the stock book showed he was the owner of a certain number of shares, because under the undisputed evidence he had never subscribed or paid therefor. It being an established fact that appellee Weems had not owned the stock for more than two years before the bank was taken over by the commissioner, and it being further shown that all the parties at interest knew said fact, it was no error for the trial court to refuse to render judgment against Weems. There are no equities in this case which would estop appellee Weems from proving as a fact that he was not the real owner of the stock. Judgment was rendered against Gamble for the stock assessment, about which there is no complaint. Under the facts in this case, appellant was not entitled to a judgment against appellee Weems, and the judgment of the trial court is therefore affirmed.