**PACE v. SHAW, Banking Com'r.** (No. 1775.)

Court of Civil Appeals of Texas. Beaumont. Feb. 6, 1929.

Rehearing Denied Feb. 13, 1929.

Woods & John, of Houston, for appellant.

Harry Holmes and Stevens & Stevens, all of Houston, for appellee.

WALKER, J. We adopt the following statement of the nature, result, and facts of this case, as made by appellee in his brief:

"This was a suit instituted by Charles O. Austin, banking commissioner of the state of Texas, against A. V. Pace, appellee, to recover $500, being a 100 per cent. assessment levied against him as a stockholder in the defunct State Guaranty Bank of Goose Creek, Texas. During the pendency of the suit, James Shaw succeeded Charles O. Austin as banking commissioner, and substituted himself as plaintiff in said cause.

"Defendant, A. V. Pace, filed an answer, containing a general denial and a special answer, alleging that, prior to November 19, 1924, he was the owner and holder of five shares of stock, but that on or about that date he sold and delivered the stock to W. E. Bussey, and alleging a transfer of the stock to the said Bussey, and asking by way of impleader and cross-action for a judgment against W. E. Bussey, in case judgment should be rendered against him.

"By supplemental petition, plaintiff denied the transfer of said stock, and pleaded the by-laws of said bank, prohibiting the transfer of its stock, except upon the books of the bank, and that only after the certificate or certificates for the stock intended to be transferred shall have been delivered to the bank and canceled; pleading the provisions of said by-laws and of the stock certificate, and that such provisions were binding upon the defendant and all other stockholders of the bank, and denying that said stock had ever been canceled or delivered to the bank for the purpose of transfer, as provided by the by-laws.

"Trial was had before the court without a jury, and judgment rendered in favor of plaintiff against the defendant, A. V. Pace, for $500 and that Pace take nothing on his cross-action against W. E. Bussey. To which judgment the defendant excepted, and in due time filed a supersedeas bond on appeal, and the case is now before this honorable court.

"In response to the request of the defendant, A. V. Pace, the court filed its findings of fact, wherein he found: That the plaintiff was the duly appointed, qualified, and acting banking commissioner of the state of Texas; that the State Guaranty Bank of Goose Creek, Texas, was insolvent and that the banking commissioner took charge of said bank on May 17, 1926, and assessed each stockholder an amount equal to the par value of the shares owned by him; that the by-laws of the bank provided that the stock certificates should state, upon their face, that the same is transferable only on the books of the bank, and that the certificate issued to the defendant Pace so stated; that the by-laws provided that the stock should be transferable only upon the books of the bank, and that no transfer shall be made, or certificate of stock issued, until the certificate or certificates for the stock intended to be transferred shall have been delivered to the bank and canceled; that A. V. Pace, on May 8, 1924, became the owner of certificate No. 18, for five shares of stock in said bank, of the par value of $500; that the certificate of stock issued to Pace had a provision on the face of the certificate providing that the same shall be transferable only upon the books of the bank upon surrender of the certificate; that on or about the 19th day of November, 1924, A. V. Pace contracted to sell the five shares of stock, being certificate No. 18, to W. E. Bussey, and signed a blank transfer on the back of the certificate, leaving the name of the transferee in blank, and delivered the stock to W. E. Bussey; and that W. E. Bussey took said stock certificate and hypothecated it as collateral security to a note then owing by Mr. Bussey to a Mr. Hinds, at Daisetta, Texas, and that the stock certificate was never delivered to the bank, or to the officers of the bank, to be canceled and reissued in accordance with the by-laws of the bank.

"In response to the request of A. V. Pace, the court also found that, about a month after Pace delivered the stock certificate to Bussey, Pace communicated to the officers of the bank that he had sold the stock, and asked the bank to see that it was transferred on the books of the bank.

"The court concluded from such findings of fact that, as the stock certificate had never been canceled, and surrendered to the bank for cancellation, and reissued or transferred, as required by the provisions of the stock certificate and the by-laws of the bank, that the defendant, A. V. Pace, was liable for the statutory assessment as a stockholder.

"The only question before this court is whether the trial court erred in rendering judgment for the plaintiff upon the findings."

## Opinion.

As between appellant and appellee, Commissioner Shaw, Orndorff v. Austin (Tex. Civ. App.) 294 S. W. 681, is on all fours on its facts with the facts of this case. Appellant, Orndorff, owned stock in the defunct bank. The bank defaulted on November 11, 1921. In June, prior to the default, appellant sold his stock by written transfer and delivery to the purchaser, but before delivery did not request that it be transferred upon the books of the bank, and never made that request. As in this case, the by-laws of the bank provided that its stock could be transferred only upon its books. On a full, fair, and able review of the authorities, appellant was held liable, on the proposition that the transferor of stock in a state bank is liable to the bank's creditors on his statutory liability up to the time of the registration of the transfer and for 12 months thereafter, to the same extent and on the same principles as if no sale and

transfer of the certificate had been made until the day of the registration. The foregoing proposition is in full recognition of the following conclusions:

■ (a) A former stockholder is not liable, unless the debts existing at the date of the transfer of his stock rendered the bank insolvent, which fact must be pleaded and proved. Pool v. Chapman (Tex. Com. App.) 283 S. W. 762.

(b) There is no statute governing state banks to the effect that such stock can be transferred only on the books of the bank, it having been held that article 1334, R. S., governing corporations in general, has no application to state banks. First State Bank of Montgomery v. First Nat. Bank of Navasota (Tex. Civ. App.) 145 S. W. 693; Orndorff v. Austin, supra; Seidel v. Shaw (Tex. Civ. App.) 7 S.W.(2d) 671.

■ (c) While no statute enjoins the transfer of bank stock, except upon the books of the bank, yet article 347, R. S., makes the banking commissioner superintendent and instructor of state banks. Under this article the Orndorff Case, supra, holds that he has authority to require the banks to adopt by-laws enjoining the transfer of stock, except upon the books of the bank, and, where such a by-law has been adopted, it has the same force and effect in regulating the transfer of bank stock as does article 1334 in regulating the transfer of the stock of corporations in general.

■■ (d) Where there is no such statute or by-law, or charter provisions, the former stockholder can be held liable only from the date of the actual sale. Seidel v. Shaw, supra; also, where there is such a statute or by-law or charter provision, and the transferor signs a transfer on the back and presents the certificate to the corporation for transfer, the transferor is liable only from the date of the actual sale. Orndorff v. Austin, supra.

■ (e) The decisions above cited recognize and give effect to article 16, § 16, of the Constitution, and article 535, R. S., which provide that each shareholder of a state bank, "so long as he owns shares therein, and for twelve months after the date of any bona fide transfer thereof shall be personally liable for all debts of such corporate body existing at the date of such transfer, to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred."

Certain of the decisions, such as Austin v. Gamble (Tex. Civ App.) 297 S. W. 806, and authorities cited therein, use language to the effect that the Constitution and statute mean the real, as against the apparent, owner of such stock. On the facts of those cases, this language accurately states the law, since those cases on their facts invoke article 537, which provides: "No person holding stock in such corporation as executor, administrator, guardian or trustee, and no person holding such stock as collateral security, shall be personally subject to any liability as stockholder in such corporation."

In Austin v. Gamble, as we understand the facts, Weems was a mere trustee, and therefore, under the last-cited article, not liable. We have found no decision that conflicts in the least with the holding of Orndorff v. Austin.

Appellants have cited to us Austin v. Gamble and Seidel v. Shaw, but the facts of this case clearly distinguish it from those cases, and bring it, as already said, within the rule announced in Orndorff v. Austin.

■ We think the trial court erred in not entering judgment for Pace over against Bussey. As between Pace and Bussey, the transaction was bona fide and in good faith. We know of no case in point, but there is a strong intimation by the Galveston court, in Seidel v. Shaw, that the apparent owner, as shown by the books of the bank, should have judgment over against the real owner, who has negligently failed to have the transfer regularly entered.

From what we have said, it follows that the judgment of the trial court in favor of appellee against appellant, Pace, must be affirmed, and that the judgment in favor of Bussey must be reversed, and judgment here rendered in favor of appellant against Bussey for all sums that he may be forced to pay by reason of the judgment that appellee holds against him.

Affirmed in part, and in part reversed and rendered.