**PACE et al. v. SHAW, Banking Com'r.**

No. 1322—5424.

Commission of Appeals of Texas, Section A.

June 25, 1930.

Woods & John and Stevens & Stevens, all of Houston, for plaintiffs in error.

Harry Holmes, of Houston, for defendant in error.

HARVEY, P. J.

This suit was brought by the banking commissioner of Texas against A. V. Pace to recover $500, being a 100 per cent. assessment levied against the owner of five certain shares of stock in the defunct State Guaranty Bank of Goose Creek, Tex. Pace answered by general denial and, in addition, impleaded W. E. Bussey, and sought recovery over against

him, as the real owner of the stock. Bussey denied liability to Pace. The trial court rendered judgment in favor of the banking commissioner against Pace for the sum sued for, and adjudged that the latter take nothing on his cross-action against Bussey. The Court of Civil Appeals affirmed that part of the judgment which is in favor of the banking commissioner; reversed the other part of the judgment, and rendered judgment awarding Pace a recovery over against Bussey. 13 S. W.(2d) 925.

The facts are substantially as follows:

For some years prior to May 17, 1926, the State Guaranty Bank of Goose Creek was a state bank, duly organized and operating as such. On the date mentioned the bank, being greatly indebted and insolvent, was closed by the banking commissioner, who duly levied a 100 per cent. assessment against the stockholders, for the purpose of paying the creditors. There is no showing made as to when the indebtedness of the bank arose. At the time the bank was closed, the five shares of stock in question stood in the name of Pace on the books of the bank. This stock, however, had been sold by Pace to Bussey, on November 19, 1924. In making the sale, Pace signed a blank transfer on the back of the stock certificate, leaving the name of the transferee blank, and delivered the certificate to Bussey. The latter still was the real owner of the stock, as between him and Pace, when the bank closed. No transfer of the stock from Pace to Bussey ever was made on the books of the bank. The certificate contains a provision, as required by the by-laws of the bank, that same is transferable only upon the books of the bank. The by-laws provide that stock "shall be transferable only upon the books of the bank, and that no transfer shall be made, or certificate of stock issued, until the certificate or certificates for the stock intended to be transferred shall have been delivered to the bank and canceled." About a month after the sale, Pace notified the officials of the bank of such sale, and requested that they see that the stock was transferred on the books of the bank. But the certificate never was delivered to the bank for cancellation as the by-laws required; and no transfer was made on the books of the bank.

In the case of Fuqua v. Shaw, 29 S. W.(2d) 319, this day decided, we have held that, as a general rule, the banking commissioner may enforce the stockholder's liability, which is provided in article 535 of the statutes (Rev. St.) against one who, though not the real owner of a given block of bank stock, allows the stock to stand in his name, as owner, on the books of the bank. Pace is estopped, as against the banking commissioner, from disclaiming ownership of the stock at the time the bank closed, even though the sale of the stock to Bussey were valid as to the banking commissioner. Fuqua v. Shaw, supra. We are further of the opinion that a sale of bank stock is not rendered invalid, as between the vendor and the vendee, by the fact that a transfer is not made on the books of the bank, as provided in the certificate and the bank's by-laws. As between said parties, the title to the stock passes to the vendee; and, in the absence of an agreement to the contrary, there arises an implied obligation, on the part of the vendee, to reimburse the vendor for such payments of assessments as the latter is subsequently compelled to make in reference to the stock. Johnson v. Underhill, 52 N. Y. 203; Hutzler v. Lord, 64 Md. 534, 3 A. 891; Kellogg v. Stockwell, 75 Ill. 68; 14 C. J. 705; 6 Thompson Corp. § 4405.

We recommend that the judgment of the Court of Civil Appeals affirming in part the judgment of the trial court, and reversing and rendering in part, be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed.