### SHAW, Banking Com'r, v. ROGERS et al.
### No. 3958.

Court of Civil Appeals of Texas. Texarkana.

Feb. 19, 1931.

Rehearing Denied March 5, 1931.

McKinney & Berry, of Cooper, for appellant.

Ben D. Clower, of Cooper, and J. K. Brim, of Sulphur Springs, for appellees.

SELLERS, J.

This suit was instituted by James Shaw, banking commissioner of Texas, against Thelma Rogers et al., to enforce an assessment by the banking commissioner upon thirty-five shares of stock in the Cooper State Bank alleged to have been owned and transferred by J. F. Lindley, within twelve months of the time the Cooper bank closed, to his daughter, Thelma Rogers. The case was tried to a jury, and upon the close of the testimony of both plaintiff and defendants the court instructed the jury to return a verdict in favor of the banking commissioner against Thelma Rogers as the owner of the stock at the time the bank closed, and in favor of the defendant J. F. Lindley that the plaintiff take nothing by the suit against him. The plaintiff excepted to the court's action in instructing a verdict in favor of J. F. Lindley and has duly prosecuted this appeal, and the trial court's action is before this court for review.

On March 26, 1926, the Cooper State Bank purchased the First State Bank of Klondike, Tex., the contract of purchase being as follows:

"State of Texas, County of Delta

"This memorandum of agreement between Cooper State Bank, Cooper, Texas, a banking corporation organized under the laws of the State of Texas, by and through its president thereunto duly authorized and First State Bank, Klondike, Texas, a banking corporation organized under the laws of the State of Texas, by and through its president thereunto duly authorized, witnesseth:

"1. Cooper State Bank hereby agrees to pay First State Bank, Klondike, the sum of Thirty Five Thousand Dollars, ($35,000.00), in cash, and assume and agrees to pay all deposits of this date in First State Bank, Klondike, as shown by the books of said bank, and agrees to pay all outstanding Cashier's Checks, and Certificates of Deposit issued by First State Bank, Klondike, including individual deposits and deposits due to banks, also all bills. payable. It is expressly understood, however, that the Cooper State Bank assumes no liability to the stockholders of the First State Bank, Klondike, as such.

"2. In consideration of the premises, and

of Ten Dollars, ($10.00) to us in hand paid by said Cooper State Bank, the receipt of which is hereby acknowledged, the First State Bank, Klondike, hereby transfers and assigns to said Cooper State Bank all of the assets of said First State Bank, Klondike, such assets including, but not limited to the following: (Here follows assets.)

"3. Said Cooper State Bank agrees to pay all current wages due the officers of said First State Bank.

"Witness our hands at Cooper, Texas, this the 26th day of March, 1926.

"Cooper State Bank, Cooper, Texas,
"By W. G. Farrier, President.
"First State Bank, Klondike, Texas,
"By J. M. Clower.
"Attest: R. M. Walker, Cashier.
"Attest: L. L. Allard."

At the time of the sale J. M. Clower was president of the Klondike bank and Large Allard was cashier, and after the sale both of these gentlemen became officers in the Cooper bank. J. F. Lindley owned fifty shares of stock in the Klondike bank of the par value of $100 per share at the time of the sale.

While the above-written agreement specified a cash consideration of $35,000 to be paid for the Klondike bank, it appears from the evidence of the officers of the Klondike bank that the stockholders of the Klondike bank were to accept stock in the Cooper bank for their proportionate part of the $35,000, J. F. Lindley's part amounting to thirty-five shares in the Cooper bank of the par value of $100 per share, this amount of stock being 70 per cent. of the amount of stock Lindley owned in the Klondike bank. At the time of the sale, J. F. Lindley was not present and never authorized any one to act for him except in so far as the following letter authorized J. M. Clower so to act:

"Peerless, Tex., 3/25th, 1926.
"Mr. J. M. Clowers, President,
"First State Bank,
"Klondike, Texas.
"Dear Sir:—

"With reference to the proposed consolidation of the First State Bank of Klondike with the Cooper State Bank.

"As I understand the proposal, the Cooper State Bank with capital stock of $40,000.00 is to take over the assets and assume the liabilities of the First State Bank of Klondike, then the Klondike bank is to begin voluntary liquidation.

"Farrier Brothers are to guarantee the assets of the Cooper Bank against loss and retain $5,000.00 of their capital stock, thereby releasing $35,000.00 of their capital stock to the shareholders of the Klondike bank.

"This will authorize you to act accordingly as to my stock.

"I am not willing to assume liability in ex-cess of my own stock and do not believe that the other shareholders should expect it.

"Trusting that this authority will serve you, I am

"Yours truly,        Jeff D. Lindley."

It appears that Clower never undertook to exercise any power given in the letter for the reason that the sale was not made on the considerations expressed in the letter; that is, that Farrier Brothers never agreed to guarantee the assets of the Cooper bank.

Some time later, thirty-five shares of stock in the Cooper bank were transferred from W. G. Farrier to J. F. Lindley, and Clower made several trips to see Lindley in an effort to get Lindley to accept this stock, but in each instance failed; and this certificate of stock was marked "undelivered and canceled" across the face of the certificate and was pasted back into the stock certificate ledger.

It further appears that J. F. Lindley gave his stock in the Klondike bank to his daughter, Thelma Rogers, several months before the Cooper bank closed, and that Thelma Rogers, in person, took the fifty shares of stock owned by J. F. Lindley in the Klondike bank to the Cooper bank and received in lieu thereof thirty-five shares of stock in the Cooper bank; it appearing from the record of the bank that the certificate issued Thelma Rogers was not the same certificate issued J. F. Lindley, but that the Lindley certificate remained in the bank marked "undelivered and canceled."

█▌ It is our opinion from the above facts that J. F. Lindley was never a stockholder in the Cooper State Bank. To have become a stockholder he would necessarily have had to accept the stock issued him. Chapman, Banking Commissioner, v. Thomas et al. (Tex. Civ. App.) 283 S. W. 337. This he did not do, and we are unable to find any evidence in the record that could in any way be construed as making an issue upon the delivery and acceptance by Lindley of this stock.

Appellant insists that the evidence would have authorized a jury in finding that Lindley had authorized Clower to take stock in the Cooper bank for him, and that Clower did subscribe and accept stock for Lindley, and that the stock certificate found in the bank marked "undelivered and canceled" was in truth and fact owned by Lindley for several months and then returned and marked "undelivered and canceled," and repasted into the certificate ledger. This may have happened, but this record is entirely without evidence to support such a finding. No witness testified to a single act on the part of Lindley relative to this stock except Clower, and he positively denied that he ever subscribed for or accepted any stock for Lindley, but, on the contrary, he did undertake to induce Lindley

to take stock in the Cooper bank but was never able to do so.

Therefore we conclude that the court did not err in directing the jury to return a verdict in favor of appellee.

The judgment of the trial court is affirmed.