GOSSETT, Banking Com'r, v. SEGGER-MAN.

No. 3549.

Court of Civil Appeals of Texas. El Paso.
May 6, 1937.

Rehearing Denied May 13, 1937.

Mead & Metcalfe, of Marfa, and Ocie Speer, of Austin, for appellant.

Paul D. Thomas and William Flournoy, both of El Paso, for appellee.

HIGGINS, Justice (after stating the case as above).

Appellant first asserts the undisputed facts and circumstances in evidence show conclusively as a matter of law that Seggerman was the owner of the ten shares of stock of the bank appearing in his name at the time the bank was closed, wherefore the implied finding of the court to the contrary cannot be sustained; and in any event such finding is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong, and should be set aside.

This contention cannot be sustained. The evidence speaks for itself, and abundantly supports the view that Seggerman was not the real owner of the stock, but held them in trust to qualify him to act as a director of the bank.

Appellant presents the further point that Seggerman is estopped to deny he was a shareholder in the bank because he consented to and acquiesced in the bank's carrying his name upon its books as a shareholder, and held himself out and permitted himself to be held out as a shareholder.

Upon this phase of the case, Shaw v. Hailey (Tex.Civ.App.) 46 S.W. (2d) 724, is directly in point. In that case stock had been loaned to Hailey to qualify him as a director of a state bank. Thereafter Hailey qualified as a director. He was also elected and acted as a vice president of the bank. It was held Hailey was not estopped to deny he was the real owner of the stock appearing in his name upon the bank's books. Recovery of a stock assessment against him was denied. In an able opinion by Justice O'Quinn, the authorities in this state are reviewed. The same authorities are cited by the parties in this appeal. In our opinion, the ruling in Shaw v. Hailey is fully supported by the authorities reviewed by Judge O'Quinn. The distinguishing features of the case here cited by appellant are pointed out in his opinion.

Upon the authority of that case we hold Seggerman is not estopped to deny his status as a shareholder, and he not being the real and true owner of the stock appearing in his name upon the bank's books, he is not liable upon the assessment.

Affirmed.